IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**JANE DOE,**
        *Plaintiff*,

v.         Civil Action No. 2:20-CV-19
        **JUDGE KLEEH**

**TIMOTHY PHILLIPS,**
        *Defendant*.

## REPORT AND RECOMMENDATION
## RECOMMENDING VOLUNTARY DISMISSAL WITHOUT PREJUDICE

On May 12, 2023, the Honorable Thomas S. Kleeh, U.S. District Judge for the Northern District of West Virginia, entered an Order of Referral, [ECF No. 24], referring a Motion to Withdraw as Counsel, [ECF No. 23], to the undersigned U.S. Magistrate Judge for disposition.

During the corresponding Motion Hearing, Plaintiff Jane Doe made an oral motion,[1] that the Complaint be voluntary dismissed, as she no longer wishes to pursue or prosecute this matter.

For the reasons articulated herein, and for those set forth more fully on the June 12, 2023, record, the undersigned U.S. Magistrate Judge respectfully submits this Report and Recommendation **RECOMMENDING** that Plaintiff's Complaint, [ECF No. 1], be voluntarily **DISMISSED, WITHOUT PREJUDICE**.

    I.     **BACKGROUND**

On July 9, 2020, Plaintiff Jane Doe filed a Complaint, [ECF No. 1], in this Court against Defendant Timothy Phillips alleging that Defendant lured her to move from Morocco to the United States, promising to care for her in exchange for work performed at his business. The Complaint alleges, *inter alia*, Plaintiff was physically and emotionally abused by Defendant as well as coerced

---

[1] Plaintiff Jane Doe made this oral motion both in her intermediate English and her primary language of Moroccan Arabic, through use of a qualified interpreter, pursuant to Title 28, United States Code, Section 1827(d).

into performing labor at Defendant's shop. [ECF No. 1 at 5]. The Complaint also alleges that Plaintiff performed fifty-five to seventy-five hours of work a week without adequate compensation or corresponding care. [ECF No. 1 at 5].

On July 29, 2022, after proper service and multiple proceedings, with no response from Defendant Timothy Phillip, the Clerk of Court entered Default Judgment against Defendant Timothy Phillips. [ECF No. 21].

Thereafter, on April 27, 2023, Laura Davidson, Esq. and the law firm of Mountain State Justice, Inc., filed a Motion to Withdraw as Counsel for the Plaintiff Jane Doe, pursuant to Local Rule of Civil Procedure 83.03, seeking to withdraw from further representation because the attorney-client relationship between Plaintiff Doe and counsel "has been irretrievably broken to the extent that the undersigned counsel is precluded from continuing as counsel." [ECF No. 23].

Thereafter, on May 12, 2023, the Honorable Thomas S. Kleeh, U.S. District Judge for the Northern District of West Virginia, entered an Order of Referral, [ECF No. 24], referring the Motion, [ECF No. 23], to the undersigned U.S. Magistrate Judge for disposition.

The undersigned U.S. Magistrate Judge, by Order, [ECF No. 25], entered on May 17, 2023, scheduled this matter for a hearing on the subject Motion to Withdraw, [ECF No. 23], for Monday, June 12, 2023, at 11:30 a.m. at the Elkins, West Virginia point of holding court. In the Order, it was stated that because of the nature of the motion, that being matters concerning the attorney-client relationship, Defendant Timothy Phillips need not appear.

On June 12, 2023, Ms. Laura Davidson and Plaintiff Jane Doe appeared before the undersigned for a sealed hearing on the Motion to Withdraw. Ms. Davidson supplied an interpreter, Andy Kiwan, for her client, Ms. Doe, because Ms. Doe's primary or first language is Arabic (Moroccan dialect). The undersigned provided Mr. Kiwan, Ms. Doe, and Ms. Davidson time to meet prior to commencing.

After an inquiry of the parties on the record, the undersigned U.S. Magistrate Judge found that: (1) Ms. Doe speaks primarily Moroccan Arabic such that to continue in judicial proceedings without

an interpreter would inhibit the proceedings; (2) "when no certified interpreter is reasonably available, as determined by the presiding judicial officer, the services of an otherwise qualified interpreter" shall be used, pursuant to Title 28, United States Code, Section 1827(d); and (3) Mr. Kiwan is suitably qualified and can perform simultaneous interpretation, consecutive interpretation, and sight translation for Ms. Doe, her counsel, and the Court for purposes of this proceeding. The undersigned then directed that the courtroom deputy swear in Mr. Kiwan using the Interpreter's Oath.

Regarding the Motion to Withdraw, Ms. Davidson explained that it is still her position that the lawyer-client relationship has been irrevocably broken, and she and her client would like her and Mountain State Justice to withdraw their representation. Plaintiff Doe represented the same.

Plaintiff Doe went on to explain, both using her intermediate English and her primary language of Moroccan Arabic, with the benefit of a qualified interpreter, that she no longer desires to pursue prosecution of her Complaint at this time. Plaintiff Doe articulated that personal and medical reasons motivate her decision, and she made a *pro se* oral motion that the Complaint be voluntary dismissed in full, without prejudice.

The undersigned informed Plaintiff Doe, with the assistance of the interpreter, of the legal posture of her case. The undersigned informed Plaintiff Doe that default judgment has been entered in *her favor,* and the next procedural step would be a hearing regarding monetary damages and what specific relief she may be owed. Plaintiff Doe expressed her belief that, at this time, further proceedings in this Court will not "fix what has been broken" and reaffirmed her desire to dismiss the Complaint.

Laura Davidson, Esq. affirmed on the record that because Mountain State Justice is a non-profit organization who takes matters, such as Ms. Doe's *pro bono*, Ms. Doe does not owe anything, costs or fees or any other calculable amount, to the organization upon the termination of their lawyer-client relationship.

## II.   ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) provides, "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

Defendant Timothy Phillips has been served, but he has never appeared, nor has he participated in this action. Nonetheless, the undersigned cannot contemplate any negative implications for Defendant Timothy Phillips by granting Plaintiff's request. "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (C.A.4 (S.C.),1987). Finding that no parties will be unfairly prejudiced, and further, that voluntary dismissal is desired by Plaintiff Jane Doe, the undersigned **RECOMMENDS** that Plaintiff's oral motion for voluntary dismissal be **GRANTED**, and that this matter be **DISMISSED WITHOUT PREJUDICE**.

## III.   CONCLUSION

Upon consideration and review of Plaintiff Doe's *pro se* oral motion for voluntary dismissal or abandonment of her claims, and for the reasons put forth on the record, the undersigned **FINDS** good cause shown and respectfully **RECOMMENDS** that this matter be **DISMISSED, WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(a)(2).

Any party, including the now *pro se* Plaintiff Jane Doe, shall have **fourteen (14) days** from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific, written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**

A copy of such objections should also be submitted to the Honorable Thomas Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to **former counsel Laura Davidson, Esq. and Mountain State Justice**, any parties who appear *pro se* by certified mail and all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: June 14, 2023.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE