IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JANE DOE,**

  **Plaintiff,**

 v.             CIVIL NO. 2:20-CV-19
                  (KLEEH)

**TIMOTHY PHILLIPS,**

  **Defendant.**

### ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 31] AND DISMISSING ACTION WITHOUT PREJUDICE

On July 9, 2020, Plaintiff Jane Doe ("Plaintiff"), represented by counsel, filed a Complaint against Defendant Timothy Philips ("Defendant"). Defendant never appeared, and on July 29, 2022, the Clerk entered default. On April 27, 2023, Plaintiff's counsel filed a motion to withdraw. The Magistrate Judge granted the motion on June 14, 2023. The Magistrate Judge also entered a Report and Recommendation ("R&R"), recommending that the Court dismiss the action without prejudice upon Plaintiff's request.

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific, written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." It further warned them that the "[f]ailure to timely file written objections . . . shall constitute a waiver of de novo

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 31] AND DISMISSING ACTION WITHOUT PREJUDICE**

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Plaintiff accepted service of the R&R on June 20, 2023. To date, no objections have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. The Court notes that the R&R incorrectly states that default judgment was entered in this case. The Clerk entered default, but no default judgment was entered. The Magistrate Judge incorrectly told Plaintiff during a hearing on June 12, 2023, that the next step in the case, should she choose to proceed, would be to hold a hearing to calculate damages. This information was incorrect, but the Court finds that it was not harmful. The information shared by the Magistrate Judge would

have been more likely to convince Plaintiff to proceed with her case, but it did not convince her. As such, the Court finds no clear error warranting rejection of the R&R, and the Court **ADOPTS** the R&R's conclusions [ECF No. 31]. This action is **DISMISSED WITHOUT PREJUDICE** upon Plaintiff's request and **STRICKEN** from the Court's active docket.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record via email and any unrepresented parties via certified mail, return receipt requested, at the last known address as shown on the docket.

DATED: July 12, 2023

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA